**AMBASSADOR INSURANCE
COMPANY, Appellant,**

v.

**KENNETH I. TOBEY, INC., Appellee.**

**No. 4589.**

Supreme Court of Alaska.

Oct. 24, 1980.

Alan Sherry, Merdes, Schaible, Staley & De Lisio, Inc., Anchorage, for appellant.

R. R. De Young, David M. Freeman, Barokas & Martin, Anchorage, for appellee.

Before RABINOWITZ, C. J. , and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.*

## OPINION

BURKE, Justice.

The issue in this appeal is whether the superior court erred in granting a defend-

---

\* This case was submitted to the court for decision prior to Justice Boochever's resignation.

ant's motion for summary judgment, in an insurance company's suit for indemnification.

On August 28, 1975, Harry O'Neill was seriously injured, when he was assaulted by an off–duty employee of an Anchorage theatre, Cinema One. On February 4, 1976, O'Neill filed suit against North Pole Enterprises, Cinema One's owner. North Pole was served with the complaint and summons on February 29, 1976, giving it twenty days to answer. *See* Rule 12(a), Alaska R.Civ.P. Thus, its answer to the complaint was due on March 20, 1976. Rule 6(a), Alaska R.Civ.P.

At the time of the assault, North Pole was insured by Ambassador Insurance Company,[1] whose policy designated Kenneth I. Tobey, Inc., as its agent and authorized representative. A few days after it was served, North Pole contacted its local insurance agent, Ralph Blanchard, who sent copies of the complaint and summons to Tobey. Tobey, located in Seattle, mailed those materials to Ambassador's home office in New Jersey. The suit papers were received by Ambassador on March 16, 1976.

The next day, March 17, Ambassador wrote to Crawford and Company, an Anchorage adjusting firm, asking Crawford to contact local counsel for advice on O'Neill's complaint which stated a claim coming within the coverage of the policy. Apparently, Crawford did not receive Ambassador's request, or other notice of O'Neill's action, until March 24, 1976. By that time, a default had already been entered against North Pole.

Crawford immediately obtained counsel for Ambassador, who, on March 25, moved to set aside the default. Before that motion could be heard, however, O'Neill offered to settle for policy limits, provided that his settlement offer was accepted by April 30, 1976. Rather than expose itself, or North Pole, to the possibility of far greater liability, in the event judgment was

obtained in excess of that amount, Ambassador accepted O'Neill's offer and settled the case for $100,000.[2] The lawsuit giving rise to this appeal followed.

On November 3, 1977, Ambassador filed suit against Tobey and others, seeking indemnification for the loss that it incurred in settling with O'Neill.

The policy in effect at the time O'Neill was assaulted, unlike earlier policies that Ambassador had written for North Pole, provided no coverage for North Pole's Cinema One operation. In addition, the policy excluded from its coverage claims, such as O'Neill's, based upon "assault and battery." In its complaint against Tobey, Ambassador alleged that it had been estopped from raising these policy defenses, in O'Neill's suit, because of negligence on the part of Tobey, its agent. Tobey's negligence, according to the complaint, consisted of (1) Tobey's failure to advise Ambassador in a timely manner of the pending lawsuit; (2) its failure to take any further action to avoid entry of the default; and (3) Tobey's failure to advise North Pole of the lack of coverage under the policy, and its own responsibility, therefore, to appear and defend itself.

Tobey answered Ambassador's complaint, denied liability, and thereafter moved for summary judgment. *See* Rule 56, Alaska R.Civ.P. His motion was granted by the superior court and this appeal followed. We reverse.

Ambassador first contends that there was a material issue of fact as to whether Tobey breached the duty of care that it owed to Ambassador, relative to protecting Ambassador from the danger of a default. Given the fact that O'Neill's complaint had to be answered by March 20, 1976, Ambassador argues that Tobey failed to exercise reasonable care in mailing the suit papers to it, both from the standpoint of when it mailed the papers and Tobey's failure to use some speedier method of communication, such as

---

1. As noted in the text of our opinion, *infra*, the policy in effect at that time did not provide coverage for North Pole's Cinema One operation.

2. O'Neill's injuries were extremely serious. His complaint asked for damages exceeding $2,000,000.

telex or telephone. Ambassador further argues that after mailing the papers Tobey was additionally obligated to do everything reasonably possible to protect Ambassador's interests, such as asking for an extension of time for the filing of an answer to O'Neill's complaint.

■ Tobey's duty in this regard was to communicate the information regarding the suit to Ambassador within a time frame that would allow Ambassador a reasonable time within which to respond to the suit. We believe that this duty was fulfilled. O'Neill's pleadings were received by Ambassador on March 16, 1976. The answer to the complaint was not due until March 20, and the default was not entered until March 23. Ambassador had sufficient time to take whatever action was necessary to protect its own interests. It certainly had ample time to arrange for the filing of a timely answer or, if deemed necessary or desirable, to request an extension of the time within which to do so. We believe, therefore, there was no breach by Tobey of its duty to timely communicate and summary judgment in this respect was properly entered.

Ambassador's second contention concerns Tobey's alleged negligence in making certain representations to North Pole.

In its complaint, Ambassador claimed that Tobey was also negligent in failing to inform North Pole that there was no coverage under the policy in effect at the time of the assault upon O'Neill. In its opposition to Tobey's motion for summary judgment, Ambassador expanded its argument to include allegations that Tobey had negligently advised North Pole that it could rely on Ambassador to defend it and that O'Neill's complaint was being taken care of by the insurance company. Thus, in the superior court, Ambassador argued that there were material questions of fact, including: (1) whether Tobey's assurances caused North Pole to forego securing its own attorney;

(2) whether those assurances caused North Pole to rely on Ambassador to defend it, thereby allowing the default to be entered against it; (3) whether such reliance was reasonable under the circumstances; (4) whether, as a result, Ambassador was estopped from raising its alleged policy defenses; and (5) whether Tobey's conduct toward North Pole was a proximate cause of the loss suffered by Ambassador.

■ Ambassador's second argument, we believe, has merit.[3] As to each of the foregoing issues, there were material questions of fact. It is clear that Tobey was the authorized agent of Ambassador. As such it had at least apparent, if not actual, authority to make representations to North Pole, Ambassador's insured, about the company's intentions with regard to O'Neill's complaint. According to the affidavit of Myron Ace, North Pole's president, North Pole failed to enter a timely appearance or otherwise act to defend itself because of Tobey's assurances that the matter was being taken care of by Ambassador and that North Pole did not need to hire its own lawyer. There is also evidence that North Pole had been told that O'Neill's claim was covered by the policy. Whether Tobey made the statements in question, whether those statements were relied upon by North Pole to its detriment, whether such reliance was reasonable, and whether Tobey's conduct was a proximate cause of the loss suffered by Ambassador, were questions for the jury. Thus, we conclude that the court erred in granting Tobey's motion for summary judgment.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and [the moving] party is entitled to judgment as a matter of law." Rule 56(c), Alaska R.Civ.P. That was not the case here.

The judgment of the superior court is REVERSED.[4]

---

3. We reject Tobey's argument that this issue was not adequately raised in the court below. If necessary, Ambassador should be allowed to amend its complaint to more clearly state this basis for its claim. *See* 6 Moore's Federal Practice § 56.27[1] (1979).

4. Our resolution of this case makes it unnecessary for us to reach Ambassador's argument that the superior court erred in its award of costs and attorney's fees.